# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACK A. LOWE, | ) |
|         Petitioner, | ) |
| vs. | ) Case No. CIV-08-887-D |
| MIKE ADDISON, Warden, | ) |
|         Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons discussed hereafter, the undersigned recommends that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

Petitioner is challenging a conviction imposed in Adair County District Court, which is located within the territorial jurisdiction of the Eastern District of Oklahoma.[1] 28 U.S.C.

---

[1] Although not entirely clear, it appears Petitioner is challenging two convictions arising out of the Adair County District Court. On the face of his petition Petitioner lists Case No. CRF-97-166 as the conviction under attack, and he attaches a Judgment and Sentence in that case showing that on August 11, 1998, he was convicted of rape by instrumentation after former conviction of two felonies. Petitioner also refers to a "former" conviction in Case No. CRF-97-126, and has attached an order of the Oklahoma Court of Criminal Appeals ("OCCA") "Affirming Denial of Subsequent Application for Post-Conviction Relief," dated July 24, 2008, which is related to Petitioner's post-conviction attack in Case No. CRF-97-126. In a subsequent pleading, Petitioner states that he is seeking "an appeal" from an order of the OCCA denying his subsequent application for post-conviction relief in Case No. CRF-97-126, and he requests habeas relief on both Case Nos. CRF-97-

(continued...)

§ 116(b). Petitioner is incarcerated at the Joseph Harp Correctional Center, Lexington, Oklahoma, which is located in Cleveland County, within the territorial jurisdiction of the Western District of Oklahoma. *See* 28 U.S.C. § 116(c). Under these circumstances, the Eastern and Western districts have concurrent jurisdiction over the habeas petition. *See* 28 U.S.C. § 2241(d).[2]

This Court, in its discretion and the furtherance of justice, may transfer the petition to the Eastern District of Oklahoma. 28 U.S.C. § 2241(d). The courts of this district and the Eastern District of Oklahoma share the view that adjudication of a habeas petition which challenges the validity of the conviction should ordinarily take place in the district where the conviction was obtained. This view is based, in part, on the shared belief that ordinarily the records and counsel will be available in the district where the prosecution took place. The undersigned also notes that Petitioner has paid the required filing fee. Therefore, the undersigned finds that the interests of justice would be best served by transferring this action to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

---

[1](...continued)
126 and CRF-97-166. [Doc. No. 2].

[2]Under 28 U.S.C. § 2241(d):
where an application for a writ of habeas corpus is made . . . [in] a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

## **RECOMMENDATION**

It is the recommendation of the undersigned Magistrate Judge that this petition for a writ of habeas corpus be transferred to the United States District Court of the Eastern District of Oklahoma. Petitioner is advised of his right to object to this Report and Recommendation by the 6th day of November, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing any objections with the Clerk of the District Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 17th day of October, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE